1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SAUL PELAYO,

    Petitioner,

    v.

JAMES E. HALL, Warden

    Respondent.

NO. CV 04-240-RT (AGR)

ORDER 1) ACCEPTING AND ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND 2) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. § 636, the Court has read and considered the entire file *de novo*, including the Petition, Respondent's Answer, Petitioner's Traverse, the United States Magistrate Judge's Report and Recommendation ("R&R), Petitioner's Objections to the R&R filed on September 14, 2009, and the records and files.

In Ground One of the Petition, Petitioner contended that the trial court erred by permitting Juan Pelayo to testify in rebuttal regarding certain conduct by Petitioner because the prosecutor disclosed the proposed new

1

testimony late. (*See* R&R at 12-13). In his Objections, Petitioner now claims for the first time that his constitutional rights were violated because the prosecutor "condone[d] perjury [by] plac[ing] a witness on the stand knowingly (sic) that the witness is going to lie under oath." (Objections at 4.) Petitioner in effect states a new ground for relief, which is improper.[1] *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam).

Even if the Court were to consider this new contention, Petitioner states absolutely no facts in support of it. Petitioner's only factual allegation is conclusory: "The prosecutor knowingly placed Juan Pelayo on the witness stand to commit perjury." *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Petitioner's remaining objections are also without merit.

IT IS ORDERED that 1) the Court accepts and adopts the R&R; 2) the Petition be denied, and 3) Judgment be entered consistent with this order.

Dated: ___10/1/09___

ROBERT J. TIMLIN
United States District Judge

---

[1] The new ground is also unexhausted. Federal habeas relief is unavailable for unexhausted grounds. 28 U.S.C. § 2254(b)(1).

2